FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

OCT 26 2022

MITCHELL R. ELFERS
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,     )
                              )
        Plaintiff,            )  CRIMINAL NO. 22-CR-891 KG
                              )
vs.                           )
                              )
**JEFFREY DEAN BIDDLE,**      )
                              )
        Defendant.            )

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **JEFFREY DEAN BIDDLE**, and the defendant's counsel, DANIEL RUBIN:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   d. against compelled self-incrimination.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.  The defendant hereby agrees to waive these rights and to plead guilty to the Indictment charging in **Count 1** a violation of 18 U.S.C. § 2422(b): Enticement and Attempted Enticement of a Minor; charging in **Count 2** a violation of 18 U.S.C. §§ 2251(a), 2256(2)(A): Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct; charging in **Count 3** a violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2256(8)(A), and 2256(2)(A): Receipt and Attempted Receipt of Child Pornography; charging in **Count 4** a violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2256(8)(A), and 2256(2)(A): Receipt and Attempted Receipt of Child Pornography; and charging in **Count 5** a violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2256(8)(A), and 2256(2)(A): Receipt and Attempted Receipt of Child Pornography.

## ELEMENTS OF THE OFFENSE

4.  The elements of 18 U.S.C. § 2422(b), Enticement and Attempted Enticement of a Minor, are:

   a.  The defendant used a facility or means of interstate commerce to knowingly persuade, induce, entice, or coerce a victim to engage in sexual activity;

   b.  The victim was less than 18 years of age;

   c.  The defendant believed the victim was less than 18 years of age; and

   d.  If the sexual activity had occurred, the defendant would have committed the criminal offense of production of child pornography.

   e.  In order to prove an attempt, the government must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and that (2) the defendant took a substantial step towards commission of that crime.

      i.  A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of

2

events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime charged.

5. The elements of 18 U.S.C. §§ 2251(a), 2256(2)(A), Production and Attempted Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, are:

   a. the defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

   b. at the time, the victim was a minor (under 18 years old); and

   c. the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, including by computer, or has actually been transported or transmitted using any means or facility of interstate or foreign commerce.

   d. In order to prove an attempt, the government must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and that (2) the defendant took a substantial step towards commission of that crime.

      i. A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime charged.

6. The elements of 18 U.S.C. §§ 2252A(a)(2)(A), 2256(8)(A), and 2256(2)(A), Receipt and Attempted Receipt of Child Pornography, are:

   a. The defendant knowingly received an item or items of child pornography;

   b. The item or items of child pornography were transported in interstate or foreign commerce or by any means, including by computer; and

   c. When the defendant received the item or items, the defendant believed the item or items were child pornography.

   d. In order to prove an attempt, the government must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and

that (2) the defendant took a substantial step towards commission of that crime.

    i. A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent, and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime charged

SENTENCING

7. The defendant understands that the minimum and maximum penalty the Court can impose as to **Count 1** is:

    a. imprisonment for a period of not less than 10 years and not more than life;

    b. a fine not to exceed $250,000.00 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c. a mandatory term of supervised release of not less than 5 years and not more than life. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

    d. a mandatory special penalty assessment of $100.00;

    e. an additional special penalty assessment of $5,000.00 pursuant to 18 U.S.C. § 3014(a); and

    f. restitution as may be ordered by the Court.

8. The defendant understands that the minimum and maximum penalty the Court can impose as to **Count 2** is:

    a. imprisonment for a period of not less than 15 years and not more than 30 years, but, pursuant to 18 U.S.C. § 2251(e), **if the Defendant has a prior conviction under Chapter 110, 18 U.S.C. § 1591, Chapter 71, Chapter 109A, or Chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or sex trafficking of children, or**

        **the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the minimum and maximum penalty is imprisonment for a period of not less than 25 years and not more than 50 years**, but if the Defendant has two or more such priors, then the minimum and maximum penalty is imprisonment for a period of not less than 35 years and not more than lifetime imprisonment;

b.     a fine not to exceed $250,000.00 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

c.     a mandatory term of supervised release of not less than 5 years and not more than life. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

d.     a mandatory special penalty assessment of $100.00;

e.     an assessment of $5,000, per count, pursuant to 18 U.S.C. § 3014;

f.     an assessment, pursuant to 18 U.S.C. § 2259A, per count, of no more than:

    i.     $17,000.00 if convicted of 18 U.S.C. §§ 2252(a)(4) or 2252A(a)(5);

    ii.     $35,000.00 if convicted of an offense for trafficking in child pornography as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), § 2252A(a)(1) through (4), § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or § 2260(b)), or § 2260(b);

    iii.     $50,000.00 if convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. §§ 2251(a) through (c), § 2251A, § 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), § 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256);

g.     mandatory restitution pursuant to 18 U.S.C. § 2259.

5

9. The defendant understands that the minimum and maximum penalty the Court can impose as to **Counts 3-5** is:

   a. imprisonment for a period of not less than five (5) years and not more than twenty (20) years, but, pursuant to 18 U.S.C. § 2252A(b)(1), **if the Defendant has a prior conviction under Chapter 110, 18 U.S.C. § 1591, Chapter 71, Chapter 109A, or Chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the minimum and maximum penalty is imprisonment for a period of not less than fifteen (15) years and not more than forty (40) years**, but if the Defendant has two or more such priors, then the minimum and maximum penalty is imprisonment for a period of not less than thirty-five (35) years and not more than lifetime imprisonment;

   b. a fine not to exceed $250,000.00 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

   c. a mandatory term of supervised release of not less than 5 years and not more than life. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

   d. a mandatory special penalty assessment of $100.00;

   e. an assessment of $5,000, per count, pursuant to 18 U.S.C. § 3014;

   f. an assessment, pursuant to 18 U.S.C. § 2259A, per count, of no more than:

      i. $17,000.00 if convicted of 18 U.S.C. §§ 2252(a)(4) or 2252A(a)(5);

      ii. $35,000.00 if convicted of an offense for trafficking in child pornography as defined by § 2259(c)(3), which includes offenses under 18 U.S.C. §§ 2251(d), 2252(a)(1) through (3), § 2252A(a)(1) through (4), § 2252A(g) (in cases in which the series of felony violations exclusively involves violations of §§ 2251(d), 2252, 2252A(a)(1) through (5), or § 2260(b)), or § 2260(b);

    iii. $50,000.00 if convicted of a child pornography production offense as defined by 18 U.S.C. § 2259(c)(1), which includes offenses under 18 U.S.C. §§ 2251(a) through (c), § 2251A, § 2252A(g) (in cases in which the series of felony violations involves at least 1 of the violations listed in this subsection), § 2260(a) or any offense under chapter 109A or chapter 117 that involved the production of child pornography (as such term is defined in § 2256);

  g. mandatory restitution, pursuant to 18 U.S.C. § 2259(b)(2), that is not less than $3,000.00 per victim.

10. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

11. The parties are aware that the Court may accept or reject this plea agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw Defendant's plea of guilty.

12. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

13. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights

7

under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement. The Court has not acted on its own if its rejection of the plea agreement occurs after Defendant has expressly or implicitly suggested to the Court a desire or willingness to withdraw his or her plea or not to be bound by the terms of this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

14. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**Counts 1 & 2:**

**From on or about June 24, 2021, until on or about September 4, 2021, in Luna County, in the District of New Mexico, I, Jeffrey Dean Biddle, used my cell phone to knowingly persuade, induce, entice, and coerce someone I believed to be an eight-year old girl to take pornographic photos to send to me through text message. I specifically requested "naked" pictures that would include the minor's "pussy." I asked for nude photographs approximately twenty-four times between June 24, 2021, and September 4, 2021. During these text exchanges, I also sent nude photographs of my penis. I know that requesting a minor under the age of 18 years old to make and send pornographic photos constitutes the federal crime production of child pornography, in violation of 18 U.S.C. § 2251(a), as is charged in Count 2 of the Indictment. I also acknowledge that when I requested photos of the minor's genitalia, I was requesting an image of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A). I acknowledge that regardless of the actual age of the person I was texting with, I believed that individual was a minor, so, at a minimum, I am guilty of attempting to coerce and entice a minor as well as**

8

**attempting to produce child pornography, as charged in Counts 1 and 2 of the Indictment. Finally, I believed the minor lived in Texas, and I also acknowledge that in order to text someone using my cell phone I must connect to the internet through my service provider. Accordingly, I recognize that the interstate nexus element for Counts 1 and 2 of the Indictment is satisfied.**

**Counts 3-5:**

**On or about June 24, 2021, August 1, 2021, and September 4, 2021, in Luna County in the District of New Mexico, I, Jeffrey Dean Biddle knowingly received and attempted to receive images of child pornography from someone I believed was a minor, specifically someone who I believed was eight-years-old. The pictures sent on each of the days listed above that I received displayed a close-up photo of a vagina, which I recognize constitutes sexually explicit conduct under 18 U.S.C. § 2256(2)(A). I acknowledge that regardless of the actual age of the person I was texting with, I believed that individual was a minor, so, at a minimum I am guilty of attempting to receive child pornography, as charged in Counts 3 through 5 of the Indictment I received these images through text message on my cell phone. I believed the minor sending the photos lived in Texas and I also acknowledge that in order to receive a text message from someone using my cell phone I must connect to the internet through my service provider. Accordingly, I recognize that the interstate nexus element for Counts 3 through 5 of the Indictment is satisfied.**

15. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

16. The United States and the defendant stipulate as follows:

   a. The defendant and the United States agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate sentencing range in this case is thirty-five (35) years to life. Accordingly, the judge may not sentence the defendant to anything less than thirty-five (35) years. The defendant has also been charged with the following felony offenses in New Mexico state court case D-0619-CR-202100219: 1) Criminal Sexual Penetration in the First

Degree (Child under 13), a first degree felony in violation of NMSA § 30-9-11(D)(1); 2) Criminal Sexual Penetration in the First Degree (Child under 13), a first degree felony in violation of NMSA § 30-9-11(D)(1); 3) Criminal Sexual Penetration in the First Degree (Child under 13), a first degree felony in violation of NMSA § 30-9-11(D)(1); and 4) Criminal Sexual Penetration in the Second Degree (Child under 13), a first degree felony in violation of NMSA § 30-9-13(B)(1). This is a global plea agreement meant to apply to both Defendant's federal and state cases. Defendant agrees he will also plead guilty in state court to all the counts charged in case D-0619-CR-202100219. The defendant and the state prosecutors agree that a sentence of 35 years for the state case is the appropriate sentence. The judge in both the state and federal case shall order that Defendant's sentence in the state and federal cases run concurrent to each other. The remaining components of the defendant's sentence, including but not limited to any fine or restitution and the length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

## RESTITUTION

17. The defendant understands that restitution is this case is mandatory, pursuant to 18 U.S.C. § 2259. The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing. The defendant further agrees that the defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses caused by the defendant's activities. The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result

in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

18. The defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, the defendant agrees that, before sentencing, the defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by the defendant. The defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since June 24, 2021, including the location of the assets and the identity of any third party.

19. The parties will jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. *See* 18 U.S.C. § 3664(k), (n).

20. The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. *See* 18 U.S.C. § 3664(k), (n).

21. The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and will be subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the

judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

## FORFEITURE

22. The Defendant agrees to forfeit, and hereby forfeits, whatever interest the Defendant may have in any asset derived from or used in the commission of the offense(s) in this case. The Defendant agrees to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets. The Defendant further agrees to cooperate fully in helping the United States locate, identify, and obtain possession and/or ownership of any other assets about which the Defendant may have knowledge that were derived from or used in the commission of offenses committed by other persons.

23. The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

    a. iPhone SE seized from Biddle's residence on October 7, 2021.

24. The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

25. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

26. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all

constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## DEFENDANT'S OBLIGATIONS

27. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

28. The Defendant agrees that any financial records and information provided by the Defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

29. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

30. By signing this plea agreement, the Defendant knowingly and voluntarily waives any rights and defenses the Defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to imposition of special or other assessments.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

31. The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon the defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that the defendant shall keep the defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change. The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information. The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

32. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the defendant's

registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

33. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## WAIVER OF APPEAL AND POST-CONVICTION RIGHTS

34. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. This waiver extends to any challenge to the manner in which the sentence was determined or imposed, including the district court's authority to make findings supporting the sentence. The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number but may nonetheless appeal the determination of the revocation Guideline range. The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

35. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Indictment.

36. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

37. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

38. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

39. At this time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $500.00 in payment of the special penalty assessment described above.

40. Pursuant to 18 U.S.C. § 3014, if the Defendant is found to be non-indigent, the Defendant will also tender to the United States District Court, a money order or certified check payable to the order of the United States District Court in the amount of $5,000, per relevant count of conviction.

41. The parties agree that the United States will request the Court to order the Defendant to pay an assessment of up to **$50,000**, per relevant count of conviction. Any assessment imposed shall be paid to the United States District Court by money order or certified check payable to the order of the United States District Court.

## ENTIRETY OF AGREEMENT

42. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this __28th__ day of __September__, 2022.

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Marisa Ong*

MARISA A. ONG
MATILDA M. VILLALOBOS
Assistant U.S. Attorney
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
JEFFREY DEAN BIDDLE
Defendant

I am the attorney for JEFFREY DEAN BIDDLE. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
DANIEL RUBIN
Attorney for Defendant